IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., as Successor Trustee to LaSalle bank National Association, as Trustee for the Registered Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2004-HQ4, a national banking company,<br><br>        Plaintiff,<br><br>        v.<br><br>ABOLGHASSEM ALIZADEH, and individual, KOBRA ALIZADEH, an individual,<br><br>        Defendants.<br>_____/ | No. 2:09-cv-03557 JAM KJN<br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

Plaintiff's motion for default judgment (Dkt. No. 11) came before the court for hearing on the undersigned's law and motion calendar on July 8, 2010.[1] (Dkt. No. 17.) Attorney Steven G. Polard appeared via telephone on behalf of plaintiff. No appearance was made on behalf of defendants.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). This matter was referred to the undersigned by an order entered February 8, 2010. (Dkt. No. 7.)

1

1   At the hearing, the undersigned expressed concerns regarding a number of issues raised by the moving papers and record in this case, including whether defendants were served with process in this case consistent with the Federal Rules of Civil Procedure. Plaintiff's counsel suggested that, if permitted, plaintiff would make efforts to alleviate the court's concerns regarding service of process and would prepare and submit supplemental briefing to address the court's other concerns.

Accordingly, and as stated during the hearing, plaintiff will be provided sixty (60) days from the date of this order to accomplish the following:

1.   Effectuate service of process on each defendant consistent with the Federal Rules of Civil Procedure. Alternatively, defendant shall file supplemental briefing and, if necessary, evidentiary support, explaining why plaintiff believes that it already effectuated proper substituted service in accordance with the Federal Rule of Civil Procedure, including Rule 4(e), as well as addressing what additional efforts have been made since the hearing to attempt to effectuate personal service.

2.   File with the court supplemental briefing and, if necessary, declarations or other evidentiary support, that address the following issues:

   a.   For the purpose of evaluating the court's subject matter jurisdiction over plaintiff's claims, and specifically whether complete diversity exists among the parties, which state is designated as plaintiff's "main office" in its articles of association? See, e.g., Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006) (holding that a national banking association is a citizen of "the State designated in its articles of association as its main office").

   b.   Which specific provision or provisions in the guaranty agreement, and what specific language therein, gives rise to defendants' liability for the "full amount of the Debt"? The undersigned notes that the term "Debt" does not appear to be defined in the guaranty agreement.

   c.   What specific language from the document entitled "Assignment of

Deed of Trust and Security Agreement and Assignment of Assignment of Leases and Rents" (Compl., Ex. E) effectuated an assignment of the guaranty agreement to plaintiff?

   d. Aside from the October 15, 2008 notice of default (Compl., Ex. F) and the November 4, 2008 loan acceleration letter (Compl., Ex. G), both of which were apparently copied to defendants and therein "reference" the guaranty agreement, did plaintiff actually make a proper demand for payment of the guarantied obligations as required under Sections 1.5 and 5.2 of the guaranty agreement and, if not, why was plaintiff excused from making such a demand on defendants?

   e. Although defendants have not formally appeared in this case, why does defendant Abolghassem Alizadeh's appearance in the Douglass Pointe LLC and/or Kobra Properties bankruptcy cases not constitute an "appearance" under the Ninth Circuit Court of Appeals's decision in <u>Ford v. Civic Ctr. Square, Inc. (In re Roxford Foods, Inc.)</u>, 12 F.3d 875 (9th Cir. 1993), such that plaintiff was obligated to provide notice of its motion for default judgment to defendants pursuant to Federal Rule of Civil Procedure 55(b)(2)?  If plaintiff provides notice to defendants of its motion for default judgment subsequent to issuance of this order, plaintiff need not address this question.

   f. Which specific provisions of the "Loan Documents," and what specific language of those provisions, entitle plaintiff to the entire amount of the pre-judgment interest sought, which appears to the undersigned to be $2,273,602.20?  The declarations filed in support of plaintiff's motion and the "payoff demand" do not provide a clear explanation regarding the calculation of the "per diem" interest rate and why plaintiff is entitled to all of the pre-judgment interest sought.  Plaintiff's supplemental explanation should also address why the "per diem" rate arrived at by plaintiff is permissible under California statutory law and the California Constitution.

   g. Why is plaintiff entitled to recover, pursuant to Section 1.8 of the guaranty agreement and in this guaranty action, all of the attorneys' fees and costs incurred by

plaintiff in pursuing relief on the underlying debt outside of this guaranty action, as opposed to those fees and costs incurred in the enforcement of the guaranty agreement or the preservation of plaintiff's rights under the guaranty agreement? The court notes that plaintiff's explanation in its moving papers regarding the fees sought was not of significant assistance to the court in assessing plaintiff's entitlement to fees and costs under Section 1.8 of the guaranty agreement.

IV. CONCLUSION

For the reasons stated above, the court HEREBY ORDERS that:

1. Plaintiff shall have sixty (60) days from the date of this order to:

   a. Effectuate service of process on each defendant consistent with the Federal Rules of Civil Procedure or file with the court supplemental briefing explaining why plaintiff believes that it effectuated proper substituted service in accordance with the Federal Rule of Civil Procedure, including Rule 4(e); and

   b. File with the court supplemental briefing and, if necessary, declarations or other evidentiary support, which address the court's concerns identified above.

2. The court will set a hearing after receipt of plaintiff's supplemental briefing if it determines that a hearing is necessary or appropriate.

IT IS SO ORDERED.

DATED: July 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE