1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10  BANK OF AMERICA, N.A., as Successor
    Trustee to LaSalle bank National
11  Association, as Trustee for the Registered
    Holders of Morgan Stanley Capital I Inc.,
12  Commercial Mortgage Pass-Through
    Certificates, Series 2004-HQ4, a national
13  banking company,

14          Plaintiff,                    No. 2:09-cv-03557 JAM KJN

15      v.

16  ABOLGHASSEM ALIZADEH, and
    individual, KOBRA ALIZADEH, an
17  individual,

18          Defendants.               ORDER

19  _____/

20          Pending before the undersigned is plaintiff's motion for default judgment.[1]  (Dkt.

21  No. 11.)  Plaintiff's motion came before the court for hearing on the undersigned's law and

22  motion calendar on July 8, 2010.  (Dkt. No. 17.)  At the hearing, the undersigned expressed

23  concerns regarding a number of issues raised by the moving papers and record in this case,

24  including whether defendants were served with process in this case consistent with the Federal

25  _____

26          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

                                            1

1  Rules of Civil Procedure.  At the hearing, plaintiff's counsel suggested that, if permitted, plaintiff

2  would make efforts to alleviate the court's concerns regarding service of process and would

3  prepare and submit supplemental briefing to address the court's other concerns.  The court

4  permitted plaintiff to attempt to re-serve process on defendant and file supplemental briefing.

5  (See Order, July 9, 2010, Dkt. No. 18.)

6          Plaintiff filed supplemental briefing and attempted to re-serve the summons, the

7  complaint, and several other documents on defendants.  (See Dkt. Nos. 19-23, 24-33.)  It appears

8  that service was successful.  In response to being served with process and other documents filed

9  in this matter, defendants Abolghassem and Kobra Alizadeh filed a letter with the court on

10  September 7, 2010, which asserted, in part, that they had not been served with process in this

11  lawsuit until August 16, 2010.  (Dkt. No. 27.)  This letter indicates that defendants would be able

12  to retain counsel given an unspecified amount of "additional time" to do so.  Also on

13  September 7, 2010, defendants filed with the court a letter from defendants to plaintiff's counsel,

14  which includes representations consistent with defendants' letter to the court and expresses

15  "shock" at the fact that plaintiff was unable to serve defendants in this matter when plaintiff's

16  counsel had previously located defendants through defendants' bankruptcy attorney.  (Dkt. No.

17  28.)  This second letter further states that defendants "are more than happy to respond, no later

18  than November 8, 2010, to these pleadings."  (Id.)

19          On September 8, 2010, plaintiff filed a Notice of Acknowledgment of Receipt of

20  Summons and Complaint, which appears to have been signed by defendant Abolghassem

21  Alizadeh on August 31, 2010.  (Dkt. No. 34.)  Also on file with the court is an acknowledgment

22  of receipt of the summons and complaint executed by defendant Kobra Alizadeh.

23          It is clear from a supplemental declaration of plaintiff's counsel that plaintiff

24  believes that defendants have purposefully avoided service in this matter in order to delay the

25  proceedings.  (See Suppl. Polard Decl., Ex. A.)  However, what is unclear is whether defendants

26  truly intend to defend themselves in this action.  Although defendants' letters on file with the

2

court suggest that defendants intend to participate in this litigation, defendants have taken no action since September 7, 2010, to indicate to the court that they intend to defend themselves in this litigation.  For example, defendants have not attempted to file an answer to plaintiff's complaint or a motion to set side the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c).  See also, e.g., United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091-94 (9th Cir. 2010).  Accordingly, before the undersigned files proposed findings and recommendations resolving plaintiff's motion for default judgment, defendants will be ordered to resolve some of the confusion caused by defendants' late appearance and letters filed in this matter.

For the reasons stated above, the court HEREBY ORDERS that:

1.      On or before November 8, 2010, defendants shall file with the court, and serve on plaintiff, a statement in writing that responds to the following issues:

a.      Whether defendants intend to defend themselves against plaintiff's lawsuit, including whether defendants intend to file a motion to set aside the clerk's entry of default against them, and whether defendants are prepared to promptly proceed in that regard.

b.      If defendants indeed intend to defend themselves against plaintiff's lawsuit, whether defendants intend to appear through an attorney or attorneys, or whether defendants intend to appear without counsel, a status otherwise referred to as "in propria persona," "pro se," or "pro per."

2.      The Clerk of Court shall serve this order by mail on defendants at the following respective addresses, which defendants provided to the court in their September 7, 2010 filing:

a.      Abolghassem Alizadeh
3001 Lava Ridge Court, Suite 300
Roseville, CA 95661

b.      Kobra Alizadeh
3001 Lava Ridge Court, Suite 300
Roseville, CA 95661

3

3.      If plaintiff does not oppose the denial of its motion for default judgment and the setting aside of the clerk's entry of default in light of defendants' recent filings, it may file and serve a statement to that effect on or before November 12, 2010.

IT IS SO ORDERED.

DATED:  October 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE