IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., as Successor Trustee to LaSalle Bank National Association, as Trustee for the Registered Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2004-HQ4, a national banking company,<br><br>           Plaintiff,<br><br>     v.<br><br>ABOLGHASSEM ALIZADEH, and individual, KOBRA ALIZADEH, an individual,<br><br>           Defendants.<br>_____/ | No. 2:09-cv-03557 JAM KJN<br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

Pending before the undersigned is plaintiff's motion for default judgment. In an order entered October 12, 2010, the undersigned recounted the increasingly twisted procedural history of this case[1] and ordered defendants to file a response addressing two issues:

      a.    Whether defendants intend to defend themselves against plaintiff's lawsuit, including whether defendants intend to file a motion to set aside the clerk's entry of default against them, and whether defendants are

---

[1] Because the procedural history of this case is recounted in the court's previously entered orders, it is not repeated here.

1

prepared to promptly proceed in that regard.

      b.     If defendants indeed intend to defend themselves against plaintiff's lawsuit, whether defendants intend to appear through an attorney or attorneys, or whether defendants intend to appear without counsel, a status otherwise referred to as "in propria persona," "pro se," or "pro per."

(Order, Oct. 12, 2010, Dkt. No. 35.)

On November 8, 2010, defendants filed a response to the court's October 12, 2010 order. (Dkt. No. 38.) In that response, defendants stated that they intend to defend themselves in this matter and are ready to promptly file a motion to set aside the clerk's entry of default previously entered against them, if necessary. Defendants also represented that they "intend to obtain counsel for this matter, shall it be necessary for this case." Finally, defendants requested "clarification of proper procedure" in this matter because of a notice of election under 11 U.S.C. § 1111(b) filed by plaintiff in the bankruptcy action related to Douglas Pointe LLC.

On November 12, 2010, plaintiff filed an opposition to defendants' response, which further requested that plaintiff's motion for default judgment be granted. (Dkt. Nos. 39, 40.) The October 12th order provided the following in regards to a response by plaintiff: "If plaintiff does not oppose the denial of its motion for default judgment and the setting aside of the clerk's entry of default in light of defendants' recent filings, it may file and serve a statement to that effect on or before November 12, 2010." (Order, Oct. 12, 2010 at 4.) Therefore, given the circumstances that plaintiff opposes the denial of its motion for default judgment and the setting aside of the entry of default, it need not have filed anything in response to the court's order. Nevertheless, the undersigned has reviewed the opposition out of an abundance of caution.

On November 22, 2010, defendants filed a written reply to plaintiff's opposition. (Dkt. No. 41.) The filing of this reply was also not authorized by the court's order. However, again, the undersigned has reviewed the reply brief out of an abundance of caution.

The undersigned will not recommend the grant of plaintiff's motion for default judgment at this time. Instead, in light of the well-established policies in favor of resolving

matters on the merits and generally disfavoring default judgments, the undersigned will permit defendants to file a motion to set aside the entry of default against them pursuant to Federal Rule of Civil Procedure 55(c).  See, e.g., United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (noting the policy favoring judgments on the merits); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible.").

The undersigned expresses no view regarding whether the notice of election filed in the related bankruptcy matter resolves this matter without further proceedings, as suggested by defendants.  The court will not provide defendants with legal advice or an advisory opinion about the potential merits of their case.  Defendants are not precluded from arguing the effect of the notice of election in their motion to set aside the entry of default, but should consider addressing the issue of good cause supporting their motion to set aside a default as set forth in Rule 55(c), as well as the factors that pertain to the good cause determination as set forth in relevant case law.

Finally, defendants have indicated that they will retain counsel if necessary. Defendants are advised that if they intend to retain counsel, they should do so promptly.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. *No later than January 13, 2011*, defendants may file, and serve on plaintiff, a motion to set aside the entry of default against them pursuant to Federal Rule of Civil Procedure 55(c).

2. Plaintiff shall file a written opposition to defendants' motion to set aside the entry of default, or a statement of non-opposition, within fourteen days of the filing of defendants' motion to set aside the entry of default.

3. Defendants may, if necessary, file a reply brief within seven days of the service of plaintiff's opposition brief.

4. The court will set a hearing on defendants' motion to set aside the entry of

1  default if necessary.

2          5.      In light of the fact that, at this time, defendants are proceeding without
3  counsel, the Clerk of Court is directed to re-designate this case as a pro se matter pursuant to
4  Local Rule 302(c)(21).  Henceforth, the case number in this matter shall be "No. 2:09-cv-3557
5  JAM KJN PS."

6          IT IS SO ORDERED.

7  DATED:  December 7, 2010

                                      _____
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE