IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., as Successor Trustee to LaSalle Bank National Association, as Trustee for the Registered Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2004-HQ4, a national banking company,<br><br>        Plaintiff,<br><br>        v.<br><br>ABOLGHASSEM ALIZADEH, an individual, KOBRA ALIZADEH, an individual,<br><br>        Defendants.<br>_____/ | No. 2:09-cv-03557 JAM KJN PS<br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

*The parties—and especially defendants, who are proceeding without counsel in this case—are advised to closely read this order.*[1]

      On June 30, 2011, the court: (1) granted defendants' motions to set aside the entry of default in this action; (2) set aside the clerk's entry of default; and (3) denied plaintiff's motion for default judgment. (Order, June 30, 2011, at 2, Dkt. No. 49.) In order for this case to

---

   [1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

proceed, the undersigned orders defendants to file answers to plaintiff's complaint, and also sets a status (pretrial scheduling) conference in this case.

        Accordingly, IT IS HEREBY ORDERED that:

    1.   <u>On or before July 29, 2011</u>, each defendant shall file an answer to plaintiff's complaint, consistent with Federal Rules of Civil Procedure 8(b)-(c) and 12(a).

    2.   Within 30 days after the defendants answer, the parties shall meet and confer in person about the mandatory disclosures required by Federal Rule of Civil Procedure 26.

    3.   A Status (Pretrial Scheduling) Conference shall be held on September 29, 2011, at 10:00 a.m., in Courtroom No. 25. All parties shall appear by counsel or in person if acting without counsel.

    4.   <u>Not later than 14 days prior to the Status (Pretrial Scheduling) Conference</u>, the parties shall file status reports[2] briefly describing the case and addressing the following:

        a. Service of process;

        b. Possible joinder of additional parties;

        c. Any expected or desired amendment of the pleadings;

        d. Jurisdiction and venue;

        e. Anticipated motions and their scheduling;

        f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

        g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

        h. Special procedures, if any;

        i. Estimated trial time;

        j. Modifications of standard pretrial procedures due to the simplicity or

---

[2] The parties are encouraged, when possible, to file a joint status report.

complexity of the proceedings.

    k. Whether the case is related to any other cases, including any bankruptcy case;

    l. Whether a settlement conference should be scheduled;

    m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waive disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

    n. Any other matters that may add to the just and expeditious disposition of this matter.

  5. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action.  This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.  <u>See</u> Local Rule 183(a).

  6. Plaintiff, defendants, and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition.  <u>See</u> Local Rule 160.  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

  7. The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals.  <u>See</u> 28 U.S.C. § 636(c).  The form for consent to trial by a magistrate judge is attached.  Any party choosing to consent may complete the form and return it to the Clerk of the

3

Court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form, unless all parties to the action have consented.

8. The Clerk of the Court is directed to send plaintiff and each defendant copies of the form, "Consent to Proceed Before United States Magistrate Judge," with this order.

IT IS SO ORDERED.

DATED: July 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE