1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BANK OF AMERICA, N.A.,

11                                                    CIV. S-09-3557 JAM KJN

12              Plaintiff,

13         v.                                    STATUS (Pre-trial
                                                 Scheduling) ORDER
14   ABOLGHASSEM ALIZADEH,
     et al,

15              Defendants.
     _____/

16

17

18              After review of plaintiff's Status Report, the court makes the following

19   order:

20                              SERVICE OF PROCESS

21         All parties defendant to this lawsuit have been served and no further service will

22   be permitted except with leave of court, good cause having been shown.

23

24

25                                           1
26

1                      JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

2              No further joinder of parties or amendments to pleadings is permitted except with

3    leave of court, good cause having been shown.

4                              JURISDICTION AND VENUE

5          Jurisdiction and venue are not contested.

6                          FICTITIOUSLY-NAMED DEFENDANTS

7              This action, including any counterclaims, cross-claims, and third party complaints

8    is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

9                            MOTION HEARINGS SCHEDULES

10             All dispositive motions shall be filed by **January 22, 2014**.  Hearing on such

11   motions shall be on **February 19, 2014 at 9:30 a.m.  The parties are reminded of the**

12   **notice requirements as outlined in Local Rule 230(b).**

13             The time deadline for dispositive motions does not apply to motions for

14   continuances, temporary restraining orders or other emergency applications.

15             All purely legal issues are to be resolved by timely pre-trial motions.  The parties

16   are reminded that motions in limine are procedural devices designed to address the

17   admissibility of evidence and are cautioned that the court will look with disfavor upon

18   substantive motions presented at the final pre-trial conference or at trial in the guise of

19   motions in limine.  The parties are further cautioned that if any legal issue which should

20   have been tendered to the court by proper pre-trial motion requires resolution by the

21   court after the established law and motion cut-off date, substantial sanctions may be

22   assessed for the failure to file the appropriate pre-trial motion.

23

24

25

26

1    **Unless prior permission has been granted, memoranda of law in support of**

2    **and in opposition to motions are limited to twenty-five (25) pages, and reply**

3    **memoranda are limited to ten (10) pages.  The parties are also cautioned against**

4    **filing multiple briefs to circumvent this rule.**

5                                            DISCOVERY

6         All discovery shall be completed by **November 29, 2013**.  In this context,

7    "completed" means that all discovery shall have been conducted so that all depositions

8    have been taken and any disputes relative to discovery shall have been resolved by

9    appropriate order if necessary and, where discovery has been ordered, the order has

10   been complied with.

11                             DISCLOSURE OF EXPERT WITNESSES

12        The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2)

13   by **September 20, 2013**.  Supplemental disclosure and disclosure of any rebuttal experts

14   under Fed. R. Civ. P. 26(a)(2)(c) shall be made by **September 27, 2013**.

15        Failure of a party to comply with the disclosure schedule as set forth above in all

16   likelihood will preclude that party from calling the expert witness at the time of trial

17   absent a showing that the necessity for the witness could not have been reasonably

18   anticipated at the time the disclosures were ordered and that the failure to make timely

19   disclosure did not prejudice any other party.  See Fed. R. Civ. P. 37(c).

20        All experts designated are to be fully prepared at the time of designation to render

21   an informed opinion, and give their reasons therefore, so that they will be able to give full

22   and complete testimony at any deposition taken by the opposing parties.  Experts will

23   not be permitted to testify at the trial as to any information gathered or evaluated, or

24   opinion formed, after deposition taken subsequent to designation.

25

26                                                3

1    <u>JOINT MID-LITIGATION STATEMENTS</u>

2    Not later than fourteen (14) days prior to the close of discovery, the parties shall

3    file with the court a brief joint statement summarizing all law and motion practice heard

4    by the court as of the date of the filing of the statement, whether the court has disposed

5    of the motion at the time the statement is filed and served, and the likelihood that any

6    further motions will be noticed prior to the close of law and motion.  The filing of this

7    statement shall not relieve the parties or counsel of their obligation to timely notice all

8    appropriate motions as set forth above.

9    <u>FINAL PRE-TRIAL CONFERENCE</u>

10   The final pre-trial conference is set for **March 28, 2014 at 10:00 a.m.**  In each

11   instance an attorney who will try the case for a given party shall attend the final pretrial

12   conference on behalf of that party; provided, however, that if by reason of illness or other

13   unavoidable circumstance the trial attorney is unable to attend, the attorney who attends

14   in place of the trial attorney shall have equal familiarity with the case and equal

15   authorization to make commitments on behalf of the client.  All <u>pro</u> <u>se</u> parties must

16   attend the pre-trial conference.

17   Counsel for all parties and all <u>pro</u> <u>se</u> parties are to be fully prepared for trial at the

18   time of the pre-trial conference, with no matters remaining to be accomplished except

19   production of witnesses for oral testimony.  The parties shall file with the court, no later

20   than seven days prior to the final pre-trial conference, a <u>joint</u> pre-trial statement.

21   **<u>Also at the time of filing the Joint Pretrial Statement, counsel are requested to e-</u>**

22   **<u>mail the Joint Pretrial Statement in Word format to Judge Mendez's assistant,</u>**

23   **<u>Jane Klingelhoets at: jklingelhoets@caed.uscourts.gov.</u>**

24

25

26

4

1    Where the parties are unable to agree as to what legal or factual issues are properly

2  before the court for trial, they should nevertheless list all issues asserted by any of the

3  parties and indicate by appropriate footnotes the disputes concerning such issues.  The

4  provisions of Local Rule 16-281 shall, however, apply with respect to the matters to be

5  included in the joint pre-trial statement.  Failure to comply with Local Rule 16-281, as

6  modified herein, may be grounds for sanctions.

7    The parties are reminded that pursuant to Local Rule 16-281(b)(10) and (11) they

8  are required to list in the final pre-trial statement all witnesses and exhibits they propose

9  to offer at trial, no matter for what purpose.  These lists shall not be contained in the

10  body of the final pre-trial statement itself, but shall be attached as separate documents

11  so that the court may attach them as an addendum to the final pre-trial order.  The final

12  pre-trial order will contain a stringent standard for the offering at trial of witnesses and

13  exhibits not listed in the final pre-trial order, and the parties are cautioned that the

14  standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses

15  that a party does not intend to offer will be viewed as an abuse of the court's processes.

16    The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be

17  their duty at the final pre-trial conference to aid the court in: (a) formulation and

18  simplification of issues and the elimination of frivolous claims or defenses; (b) settling of

19  facts which should properly be admitted; and (c) the avoidance of unnecessary proof

20  and cumulative evidence.  Counsel must cooperatively prepare the joint pre-trial

21  statement and participate in good faith at the final pre-trial conference with these aims in

22  mind.  A failure to do so may result in the imposition of sanctions which may include

23  monetary sanctions, orders precluding proof, elimination of claims or defenses, or such

24  other sanctions as the court deems appropriate.

25

26
                                                                5

1

2                                   <u>TRIAL SETTING</u>

3          Jury trial in this matter is set for **May 5, 2014 at 9:00 a.m.**  The plaintiff estimates

4   a trial length of approximately 3 to 5 days.

5                              <u>SETTLEMENT CONFERENCE</u>

6          No Settlement Conference is currently scheduled.  If the parties wish to have a

7   settlement conference, one will be scheduled at the final pretrial conference or at an

8   earlier time upon request of the parties.

9             <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

10         This Status Order will become final without further Order of Court unless objection

11  is e-filed within seven (7) days of the date of the filing of this Order.

12         IT IS SO ORDERED.

13  Dated: May 31, 2013

14                                  /s/ John A. Mendez_____
                                    JOHN A. MENDEZ
15                                  United States District Court Judge

16

17

18

19

20

21

22

23

24

25

26

6